UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:06CV98-J

PATRICIA HENSHAW                                                                                    PLAINTIFF

v.

MICHAEL ASTRUE,
Commissioner of Social Security                                                          DEFENDANT

## MEMORANDUM OPINION

Before the Court is plaintiff Patricia Henshaw's Complaint seeking judicial review of the unfavorable decision rendered by the defendant Commissioner denying her claim for disability insurance and supplemental security income benefits. After examining the administrative record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner is supported by substantial evidence and should be affirmed.

### I. Procedural History

Plaintiff filed the present applications for disability insurance and supplemental security benefits on August 27, 2003 alleging that she became disabled on July 3, 2000, at age 49 due to arthritis, menopause, hypertension and anxiety. Her work history includes garment factory work, grain testing at a grainery, and positions as a plastics operator, nursing home assistant, and roustabout/floater at a zinc products factory. Ms. Henshaw completed the eleventh grade and obtained a GED. Following a hearing on May 26, 2005 at which both plaintiff and a vocational expert offered testimony, Administrative Law Judge George Mills, III ("ALJ") found that the claimant remains capable of performing some light work. Plaintiff has appealed from this unfavorable decision.

## II.  Standard of Review

This Court's review of the Commissioner's findings is limited to determining whether they are supported by substantial evidence, 42 U.S.C. §405(g); *Elam ex. Rel. Golay, v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003).  Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, *Studaway v. Secretary of HHS*, 815 F.2d 1074, 1076 (6th Cir. 1987).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, *Kirk v. Secretary of HHS*, 667 F.2d 524 (6th Cir. 1981); *Jones v. Secretary of HHS*, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even thought the record might support a contrary conclusion, *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1989).  The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

## III.  Plaintiff's Argument

Plaintiff makes three primary arguments that the ALJ erred in his decision.  She criticizes the ALJ's evaluation of the evidence, asserting that the ALJ A) did not properly evaluate her mental impairments by discounting the opinions of her treating psychiatrist and therapist without benefit of review of the medical source statement by a medical advisor; B) did not properly assess the

limitations imposed by the treating physician's medical source statement and therefore failed to establish a proper residual functional capacity; and C) the ALJ failed to make a proper credibility assessment under SSR 96-7p.

Plaintiff's first two arguments are based upon her contention that the ALJ did not properly evaluate the December 4, 2004 mental capacity assessment from Dr. Robert Shriro, her treating psychiatrist. Dr. Shriro's assessment indicates that plaintiff has "good" ability to understand and remember short, simple instructions; to perform activities within a schedule; to maintain regular attendance and be punctual; to make simple work related decisions; to as simple questions or request assistance; to adhere to basic standards of neatness and cleanliness; and to be aware of normal hazards and take appropriate precautions. Additionally, the assessment indicates that her ability to respond appropriately to supervision, co-workers, and work pressures in a work setting were not affected.

The plaintiff has a "fair" ability to carry out short simple instructions; to understand, remember and carry out detailed instructions; to maintain attention and concentration for extended periods; to sustain an ordinary routine without special supervision; to work with or near others without being distracted by them; complete a normal workday or workweek; perform at a consistent pace; maintain socially appropriate behavior; respond appropriately to changes in the work setting; set realistic goals or make plans independently of others. The "poor" findings (indicating no useful ability function) included ability to interact appropriately with the public; accept instructions and respond appropriately to criticism from supervisors; get along with coworkers and peers; and travel in unfamiliar places or use public transportation.

A.      The ALJ did not properly evaluate her mental impairments by discounting the opinions of her treating psychiatrist and therapist without benefit of review of the medical source statement by a medical advisor.

Plaintiff urges that Dr. Shriro's assessment should have been given controlling weight under the treating physician rule, which applies when a "treating source' renders a "medical opinion" that is both well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, Social Security Ruling 96-2p; 20 C.F.R. §404.1527(d)(2); Bogle v. Sullivan, 998 F.2d 342, 347-348 (6th Cir. 1993).  Notably, all of the above factors must be satisfied in order for the treating source's opinion to be entitled to controlling weight, Social Security Ruling 96-2p.

Dr. Shriro's assessment did not contain any rationale for the limitations assigned.  The form contains three separate sections which ask for supporting evidence of the limitations imposed, but each was left blank.  He did not refer to any supporting psychological testing or findings that supported the limitations he assigned.  Additionally, this Court's review of the treatment notes revealed no supporting evidence.  There was a diagnosis of bipolar disorder, but it appears to have been based upon the claimant's subjective complaint and not upon any history of depression/manic behavior cycles.  The ALJ did not err in refusing to give controlling weight to Dr. Shriro's disabling findings, as they are inconsistent with other evidence contained in the record.  The ALJ stated sufficient reasons for rejecting its most limiting findings and properly applied the treating physician rule.  Furthermore, the ALJ was not obligated to call a medical expert at hearing, as it is within his discretion to do so.  In a related argument, the claimant states that her psychological condition meets listing level severity.  She does not indicate which listing is implicated, and the Court declines to address this issue for lack of specificity and development.

4

B.    <u>The ALJ did not properly assess the limitations imposed by the treating physician's medical source statement and therefore failed to establish a proper residual functional capacity.</u>

With regard to the ALJ's formulation of claimant's residual functional capacity ("RFC"), the ALJ did not completely discount Dr. Shriro's opinions.  In fact, he appears to have incorporated at least some of the restrictions into his RFC by limiting her to performing only simple tasks that are not piece rate type work.  Claimant argues that the ALJ failed to take into consideration her social limitations as identified in the Shriro assessment – i.e., she has no useful ability to interact with the public, get along with peers and coworkers, use public transportation, or respond appropriately to supervisor criticism.  The ALJ justified his rejection of such limitations by noting that by plaintiff's own admission, her limitation in social activities was due to her physical complaints and not her mental condition.  The ALJ also considered her interaction with friends on a daily basis, though his mis-characterization of her daily visits with a friend was harmless error.  (The ALJ miss-spoke when he noted that the claimant visited one friend every day, instead of that friend visiting her every day.)  In her favor, the ALJ's RFC did allow for limited social contact with coworkers and supervisors, and prohibited interaction with the general public.

The claimant bears the burden of proof in establishing his RFC, <u>Her v. Commissioner</u>, 203 F.3d 388, 391-392 (6th Cir. 1999).  The claimant has failed to prove that she suffers from additional impairments in excess of those contained in the ALJ's RFC findings.  The ALJ's RFC findings are supported by substantial evidence and are entitled to this Court's deference.

C.    <u>The ALJ failed to make a proper credibility assessment under SSR 96-7p.</u>

Finally, plaintiff argues that the Commissioner erred as a matter of law in assessing her credibility.  SSR 96-7p provides instruction on credibility evaluation as follows:

In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529(c) describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1)    Your daily activities;
2)    The location, duration, frequency, and intensity of your pain or other symptoms;
3)    Precipitating and aggravating factors;
4)    The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
5)    Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
6)    Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
7)    Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

In his Decision, and consistent with both SSR 96-7p and the above-listed factors from 20 C.F.R. § 404.1529(c), the ALJ determined that the record does not support the claimant's testimony regarding the intensity and persistence of her allegedly disabling symptoms (Tr. 25). In the paragraph addressing credibility, the ALJ finds it significant that the claimant's Disability Report notes that she continued to look for a job following the closing and relocation to Mexico of the factory where she had previously worked. It is also noted that the claimant applied for and received unemployment benefits for two consecutive nine month periods after her previous work concluded. To receive such benefits, the claimant was required to sign an affidavit acknowledging her readiness

and willingness to work, statements that are inconsistent with allegations of disability.  The claimant takes issue with the ALJ's use of receipt of unemployment benefits to attack her credibility. However, the case law indicates that such a conclusion is justified – that applications for unemployment benefits and disability benefits are inherently inconsistent.

The ALJ also found the claimant's allegations of limitations and debilitating arthritis pain resulting from a car accident in 1975 to be unpersuasive, given her significant work history following the accident.  A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter, Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987).   An ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other, Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990).  In other words, discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence, Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997).

While plaintiff disagrees with the ALJ's rejection of her credibility, it is nonetheless clear that the ALJ stated sufficient reasons for his credibility determinations, particularly with regard to the inconsistencies in the evidence.  Accordingly, the Court declines to disturb the ALJ's credibility findings.

### IV.  Conclusion

The ALJ's decision is supported by substantial evidence and will not be disturbed by this Court.  A Judgment in conformity with this Memorandum Opinion has this day entered.